Battle, J.
 

 John II. Clay, administrator of'William Long, brought debt on a bond for $1292 75, payable to bis intestate against Stanford Long, as the obligor thereto. The suit was brought in the Superior Court 6f Law for Person county, and defendant appeared and pleaded payment and set off. While the suit was pending, the defendant filed a bill in the
 
 *351
 
 Court of Equity for the same county, in which he alleged that he and the plaintiff’s intestate had, some time before, been engaged as partners in the manufacture of tobacco ; that they dissolved the co-partnership by consent, and had a partial settlement, upon which he gave the bond sued upon at law. He then alleged that there were many outstanding debts against, the firm, of which he was not aware, when he gave the bond in question; that upon a settlement of the accounts of the firm, very little, if any thing, would be due the plaintiff; that he had no defense against the suit at law; and he prayed for an account of the partnership business and for an injunction against the suit until that account should be taken. The plaintiff, at law, filed an answer to the bill. It did not appear that any injunction had been issued. 'When the suit at law was called for trial, the plaintiff’s couusel announced his readiness to proceed and, informing the Court of the penden-cy of the procedingin the court of qqnity, demanded that the defendant should submit to a judgment, threatening that if he did not, he, the counsel, would move for an attachment against him in the court of equity. The defendant refused to comply with the demand ; on the contrary, he applied for, and on cause shown, obtained a continuance of the suit. When the equity dqcket was taken up, the defendant in the suit in that court, filed an affidavit, in which ho stated the proceedings above mentioned, and moved for an attachment against the plaintiff in equity, for his refusal to submit to a judgment in the court of law. His Honor declined to make the order, but allowed an appeal from his order of refusal to the Supreme Court.
 

 We approve the course adopted by his Honor. The plaintiff, in equity, did not press his application for an injunction against the suit at law, and there was nothing to hinder the plaintiff from obtaining his judgment as soon as the course and practice of the court would allow him. Had the plaintiff, in equity, applied for a
 
 fiat
 
 for an injunction, tire dndge or Court, to whom the application was made, might well have refused to grant it, except upon the terms of submitting to a judgment in the suit at law. The authorities, referred to by
 
 *352
 
 flio counsel for the defendant in equity, to wit: Adams’ Eq. 194-195, and 2 Star. Eq. pages 174-175, do not embrace a case like the present.
 

 Upon another ground, wo think the correctness of his Hon- or’s course, may be sustained. When the cause in the court of lawr was called for trial, no order in the court of equity had been obtained, or eren applied for. The counsel only threatened what he intended to do, when the court of equity should sit for the despatch of business. The defendant at law could not, then, be guilty of a contempt of Court for not obeying an order which had no existence.
 

 The order, from which the appeal was taken, must be affirmed, and this must be certified.
 

 Pkb Curiam, Decretal order affirmed.